(98 App. Div. 312)

PEOPLE ex rel. CORKHILL v. McADOO, Police Com'r.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. OFFICERS—WHO ARE—MANDAMUS—PROPRIETY OF REMEDY.

A complaint clerk in the New York police department, appointed to assist the police commissioner in the discharge of his duties, pursuant to Greater New York Charter, § 283 (Laws 1901, p. 120, c. 466), authorizing the commissioner to appoint and remove such clerks as may be necessary

to the proper performance of his duties, is not a public officer, and when removed from his position without a hearing, or without the true grounds of removal having been entered in the records of the department, in violation of section 1543 of the charter (page 636), mandamus, and not an action to try the title to his position, is his proper remedy.

Appeal from Special Term.

Mandamus by the people, on the relation of John T. Corkhill, against William McAdoo, as police commissioner of the city of New York. From an order directing an alternative writ of mandamus to issue commanding the reinstatement of relator, respondent appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

James D. Bell, for appellant.
Ernest L. Crandall, for respondent.

WOODWARD, J. It is admitted in this proceeding that the relator was duly appointed complaint clerk in the police department of the city of New York on the 31st day of December, 1902, and that on the 11th day of February, 1904, it was "ordered that Robert B. Saul be and is hereby appointed complaint clerk in the police department, with compensation of $2,000 per annum, in place of John J. Corkhill, who is hereby removed." The relator claims protection under the provisions of section 1543, p. 636, c. 466, Laws 1901, being the Greater New York Charter, that "no regular clerk or head of a bureau * * * shall be removed until he has been allowed an opportunity of making an explanation; and in every case of a removal, the true grounds thereof shall be forthwith entered upon the records of the department or board or borough president, and a copy filed with the municipal civil service." He alleges in the fourth paragraph of his petition that he "was a regular clerk in said police department, and was the head of the bureau of records and complaints, a duly and lawfully constituted bureau," etc. The answer denies this allegation, and alleges that the duties of the position were essentially confidential in their nature. The answer likewise denies that the respondent "wrongfully and unlawfully dismissed and removed relator"; and likewise denies the sixth paragraph of the petition: "That at the time of removing your petitioner as aforesaid said respondent did not enter or cause to be entered on the records of said office the true grounds of said removal, or cause to be filed a copy thereof with the municipal civil service commission." The learned court at Special Term granted an alternative writ of mandamus to try the questions of fact raised by the pleadings, and upon this appeal the appellant urges that mandamus is not the proper remedy, and that the relator should be compelled to seek relief, if any he asks, in a direct action to try the title to the office which he claims.

If the position of complaint clerk in the office of the police commissioner of the city of New York is in fact an office, there can be no doubt of the soundness of this contention. See People ex rel. McLaughlin v. Police Commissioners, 174 N. Y. 450, 459, 67 N. E.

78, 95 Am. St. Rep. 596, and authorities reviewed.  We are of opinion, however, that the position held by the relator, and which is not prescribed by the statute, is that of a regular clerk, whose duties relate, not to the public, but to the police commissioner, who is charged with the discharge of the duties of the office, and who is authorized to "appoint and remove as hereinafter provided the members of the police force specified in section two hundred and seventy-six of this act, and also such clerks, police matrons, secretaries, and other subordinates, assistants and employés as may be reasonably necessary to the proper performance of the duties and execution of the powers and functions of the police department created by this act, or of any of the component parts thereof, and to prescribe their respective ranks and duties."  Section 283, Greater New York Charter.  It is clear, we think, that the relator, appointed under this authority to aid and assist the police commissioner in the discharge of the duties which he owes to the public, is not a public officer.  People ex rel. Drake v. Sutton, 88 Hun, 173, 175, 34 N. Y. Supp. 487;  People ex rel. Tate v. Dalton, 34 App. Div. 6, 10, 53 N. Y. Supp. 1060;  People ex rel. Coveney v. Kearny, 44 App. Div. 449, 453, 61 N. Y. Supp. 41, affirmed on opinion below, 161 N. Y. 648, 57 N. E. 1121.  The essential element in a public office is that the duties to be performed shall involve the exercise of some portion of the sovereign power, whether great or small (23 Am. & Eng. Ency. of Law [2d Ed.] 322, and authorities cited in notes; Attorney General v. Drohan, 169 Mass. 534, 535, 48 N. E. 279, 61 Am. St. Rep. 301);  and it can hardly be contended that a clerk, performing routine duties in strict subordination to a public officer, and with no authority under the statute to do anything except where it is authorized and directed by such officer, is exercising any of the sovereign powers.  He is merely doing the detail work of the officer, who is exercising the sovereign powers delegated to him by law, and, under the authorities cited last above, the relator is not a public officer.  He is therefore proceeding properly by mandamus where his clear legal rights are invaded.

The order appealed from should be affirmed, with $10 costs and disbursements.  All concur.