[Civ. No. 2365.   Second Appellate District.—October 17, 1917.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

WORKMEN'S COMPENSATION ACT—INJURY TO ELECTION OFFICER—NON-EXISTENCE OF RELATIONSHIP OF EMPLOYER AND EMPLOYEE.—Under the Workmen's Compensation Act, the judge of an election board at a municipal election is not an employee of the city, and cannot claim compensation for injuries received in taking the election returns to the city hall, since he was performing a public duty and the city was without control of his actions or power to provide means to secure his safety.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Albert Lee Stephens, City Attorney, W. D. Spalding, and Wm. P. Mealey, Deputy City Attorneys, for Petitioner.

Christopher M. Bradley, for Respondents.

JAMES, J.—*Certiorari* to review an order of the Industrial Accident Commission allowing compensation to Thomas Meehan, who was a claimant against the city of Los Angeles alleging that he had been injured while in the employ of that municipality. Meehan acted as judge of an election board at a municipal election held in the city of Los Angeles on the sixth day of June, 1916. After the ballots were counted by the board, Meehan, using his own automobile, took the election returns and was proceeding to the city hall, where he proposed to deliver them to the proper officer. While so engaged his automobile was struck by another motor car and by reason of the impact Meehan was thrown from his seat and injured. It was upon this state of facts, related briefly as above, that the commission made its award for compensation.

It is the contention of the city of Los Angeles, appearing here as petitioner, (1) that Meehan was not its employee

within the meaning of the Workmen's Compensation, Insurance and Safety Act; (2) that if it is determined that the relation of employer and employee existed at the time the injury was suffered, the employment was both casual and not in the usual course of the trade and business of the municipality, which latter case is excepted from those in which compensation is provided to be awarded by the act. We agree with the petitioner in its conclusion that the relation of employer and employee did not exist between the claimant and the municipality. Meehan at the time he suffered his injury was performing a public duty which may be imposed upon any citizen—the obligation exists without contract. In determining the nature and extent of the duties of an election officer, the law alone must be looked to. There is no power of direction given to or left in the city regarding the performance of such duties. In other words, the so-called "employer" in such a case has no control over the actions of the election officer. It has no right or power to provide means to secure the safety of the officer which it may require him to take advantage of, and therefore is without the right to safeguard its interests. Had the city, acting in its own interests, proposed to furnish an entirely safe means of transportation to the election officer in order to enable him to transport the election returns from the polling place to the city hall, it was without power to compel him to use such means. The officer had the right to choose the most dangerous and hazardous means affording such transportation, and the city, if it is held that the relation of employer and employee existed, would be without the power to reduce the possibility of damage accruing by reason of a claim for compensation for injuries which might result. There was here no "contract" of employment which is deemed an essential element in defining the term "employee" under our decisions. (*Claremont Country Club* v. *Industrial Accident Commission,* 174 Cal. 395, [163 Pac. 209] ; *Mono County* v. *Industrial Accident Commission,* 175 Cal. 752, [167 Pac. 377].) In the latter case it was held that a sheriff of a county, injured in the performance of his duties, could not recover compensation under the Employers' Liability Act. In the case last cited the decision in *Sibley* v. *State,* 89 Conn. 682, [L. R. A. 1916C, 1087, 96 Atl. 161], is approved. In that case the court referred to the contention that there was

shown a contract between the state and its officer (a sheriff) to pay salary compensation, and that where such contract existed, the full relation of employer and employee resulted under the compensation act there being considered. The court said: "But it is urged in behalf of the claimant that the statute attaching a salary to the office of sheriff raises an obligation or duty on the part of the state to pay it, and that if it refuses to pay, the law will give the sheriff an action *quasi ex contractu* upon the obligation, and that the officer was thus under a *quasi* contract of service with the state. If for the argument's sake this were to be conceded, it would not advance the claimant's cause. A *quasi* contract is no contract. The term '*quasi* contract' describes a situation where there is an obligation or duty arising by law upon which the same remedy is given as would be given if the obligation or duty arose out of contract. The term itself implies that the obligation or duty is not a contractual one." *Mono County* v. *Industrial Accident Commission, supra,* contains a discussion as to the effect of certain amendments made to the act in 1915 and the prior legislative history, all of which is pertinent to the argument here advanced on behalf of respondents and is adverse to the contentions here made by the latter.

For the reasons stated, we think that the award cannot be sustained, and it is therefore annulled.

Conrey, P. J., and Shaw, J., concurred.