[No. 3491.   July 9, 1930.]

STATE v. QUINN.

[290 Pac. 786.]

M. A. Otero, Jr., Atty. Gen., and J. J. Kenney, Dist. Atty., of Santa Fe, for the State.

O. O. Askren, of Roswell, for appellee.

OPINION OF THE COURT

BICKLEY, C. J.

The appellee was indicted upon a charge of agreeing to receive a bribe. It is charged, among other things, that on the 16th day of May, 1929, he (the said Frank Quinn) being then and there a ministerial officer within the state of New Mexico, to-wit, equipment engineer for the state highway department of the state of New Mexico, did then and there, unlawfully, feloniously, wickedly, etc., agree to receive a bribe of the sum of $250 from one H. D. Camp, proprietor of the Motor Truck Sales Company of El Paso, Tex., to induce him (the said Frank Quinn) as such equipment engineer, with favor and prejudice, to exercise the power in him vested, namely, to purchase for the said state highway department of the state of New Mexico, from the said H. D. Camp, as proprietor of the Motor Truck Sales Company of El Paso, Tex., certain automobile trucks, etc.

To this indictment the defendant pleads by way of demurrer, in which the sufficiency of the charge is attacked for the reason that it fails to charge the defendant with the violation of any law of the state of New Mexico. Then follow several specific allegations in the demurrer intended to show wherein the indictment fails to charge the violation of any law of the state.

The fundamental objection urged to the indictment is that it fails to allege facts showing that the defendant was acting in any official capacity when he committed the acts charged. That is, that the position alleged to have been held by him, to-wit, equipment engineer of the state highway department, was, in fact, not an office, but merely an employment, and consequently does not come within our law against bribery.

The demurrer was sustained. The state appeals.

The only question for us to decide is, Is a person holding the position of equipment engineer for the state highway department of the state of New Mexico "a ministerial officer within the State of New Mexico"?

It is not necessary to enter into an elaborate discussion of the question. The trial judge, in an order sustaining the demurrer, delivered an able opinion showing upon reason and authority that the position so designated is not an office created by our Constitution or statutes, and that the act creating the state highway commission, while authorizing such commission to create many positions of employment, did not authorize the creation of public offices. The trial court's view is amply supported by the decisions. Those interested in research upon the subject will find elaborate case notes in the selected cases series, the most recent being to State ex rel. Barney v. Hawkins, 79 Mont. 506, 257, P. 411, 53 A. L. R. 583, the annotation being entitled "Distinction between office and employment." The court in this annotated case formulated the following satisfactory definition of public office:

"To constitute a position of public employment a public office of a civil nature, it must be created by the Constitution or through legislative act; must possess a delegation of a portion of the sovereign power of government to be exercised for the benefit of the public; must have some permanency and continuity, and not

be only temporary or occasional; and its powers and duties must be derived from legislative authority and be performed independently and without the control of a superior power, other than the law, except in case of inferior officers specifically placed under the control of a superior officer or body, and be entered upon by taking an oath and giving an official bond, and be held by virtue of a commission or other written authority."

It may be said that all of these elements need not be present in a particular situation, but all have a bearing, to a degree, in determining whether a position of public employment is an office. In the case at bar, the indictment does not disclose the existence of any of these elements, and it is agreed that no such position is named or defined in either the Constitution or statutes. Nor does the indictment allege facts which would bring the position named within the definition, and there are no provisions of the written law nor any rules or regulations of the highway commission brought to our attention which would show that such elements or any of them inhere in the position so designated.

The Attorney General has filed a brief in which he declares that the trial court correctly states the law and that there is no merit in the appeal.

The District Attorney, as amicus curiæ, with commendable zeal, endeavors to sustain the views he presented to the trial court in resistance to the demurrer. He argues that the defendant is a "ministerial officer." The phrase "ministerial officer" merely means an officer whose duty it is to execute the mandates lawfully issued by his superiors. See 40 C. J. p. 1211. It thus seems that our bribery statutes, sections 35—2802 and 35—2803, Comp. 1929, dealing with bribery and attempted bribery of public officers, is more comprehensive than the common-law definition, and apparently the element in the definition quoted supra that the duties of the position must be performed "independently and without the control of a superior power, other than the law," would not necessarily be present in order to constitute a position of public employment, a ministerial office, if the other required elements existed.

Under the bribery statute, however, the fact that the duties of the position are merely ministerial, is not enough —the position must still be an *office* to come within the

bribery statute, except as to employees of a city, county, town, or village.

The manifold activities of the state require vast numbers of employees who are paid out of the public treasury and who in one way and another exercise duties which affect and are for the benefit of the public, but we are unwilling to say that they are "officers" within the contemplation of our bribery statutes. The district attorney has argued that, if the indictment does not charge a public offense under the statute, it does under the common law. As we have said, the Bribery Act in question is more comprehensive than the common-law definition, and we are constrained to abide by the decision in State v. Collins, 28 N. M. 230, 210 P. 569, that the bribery statute excludes the operation of the common law of bribery.

The district attorney has cited decisions in bribery cases which would seem to include a person in public employment, although the position does not embrace the elements generally considered necessary to constitute a position of public employment an office. These decisions, however, are generally under statutes essentially different from ours. For example, in State v. Bunch, 119 Ark. 219, 177 S. W. 932, 933, it is pointed out that the Arkansas statute, in addition to being directed against "officers," is also directed against persons "holding a place of profit or trust under the laws of the state." The court there considers some cases decided by the federal courts under United States statutes and quotes from United States v. Ingham (D. C.) 97 F. 935, 936, a discussion of the federal statute as being a sound exposition of the breadth thereof sufficient to include those in public employment, although they be not officers, as follows:

"I agree that McManus was not an 'officer' of the United States, but I am satisfied that he was a 'person acting for or on behalf of the United States in an official function, under or by authority of a department or office of the government thereof,' and that he held a 'place of trust or profit,' within the meaning of section 5451 of the Revised Statutes. The phrase 'official function,' taken in connection with the other language of the section, is, I think, of broader scope than the defendants' counsel is willing to admit. His position is that no one can exercise an official function unless he be an 'officer' of the United States; and, if this argument is to prevail, the two provisions of the section are identical in meaning, although it is clear that congress sup-

posed the words to be descriptive of two distinct classes of persons. This result is to be avoided if a fair and reasonable construction will lead to a different conclusion. In my opinion, such a construction is obvious, and relieves the case in hand from difficulty. The 'official function' spoken of is not necessarily a function belonging to an office held by the person acting on behalf of the United States; it may also be a function belonging to an office held by his superior, which function has been committed to the subordinate (whether he be also an officer, or a mere employee) for the purpose of being executed."

When considering whether a person is a public officer, we are not to be controlled merely by what acts he performs, but we must know what acts he is required by law or rules of the government to perform. We should expect to find that the duties are enumerated, and that they continue although the person be changed. No such information is presented by the indictment or within judicial knowledge from which it could be inferred that the defendant was the incumbent of a public office.

The fact that the distinction between office and employment is well recognized is rather emphasized by the language of the statute itself. When the author of the Bribery Act drafted it, he enumerated in section 35—2802, 1929 Comp., the persons who come within its provision as:

"Any judge, * * * any justice of the peace, * * * state or county officer, * * * any officer or *employee* of any city, county, town or village, * * * any member of the legislature * * * any other ministerial or judicial officer. * * *"

The section was apparently intended to be comprehensive enough to include the bribery of an employee of a city, county, town, or village. It is clear the Legislature supposed the words *employee* and *officer* to be descriptive of two distinct classes of persons. It failed, however, to extend the offense to employees of the state. It smacks of inadvertence. But it is not within our province to correct the omission by reading the word employee into portions of the statute where it does not appear. This must be left to the Legislative department.

Finding no error in the record, the judgment is affirmed, and it is so ordered.

WATSON and CATRON, JJ., concur.

PARKER and SIMMS, JJ., did not participate.