[S. F. No. 15191.   In Bank.—April 18, 1935.]

E. FORREST MITCHELL, as Insurance Commissioner, etc., Petitioner, v. B. GRANT TAYLOR, Clerk of the Supreme Court, etc., Respondent.

Frank L. Guerena for Petitioner.

U. S. Webb, Attorney-General, and John J. Daily, Deputy Attorney-General, for Respondent.

Everett W. Mattoon, County Counsel of Los Angeles County, and S. V. O. Prichard, Deputy County Counsel of Los Angeles County, as *Amici Curiae* on Behalf of Respondent.

LANGDON, J.—This is a petition for a writ of mandate to compel respondent, clerk of this court, to file a transcript on appeal without payment of fees.

Petitioner is the Insurance Commissioner of the State of California. In accordance with statute (Deering's Gen. Laws 1931, Act 3739) he was by order of the Superior Court of Los Angeles County appointed liquidator of the Union Automobile and Casualty Company, an insolvent in-

surance corporation. As such liquidator he paid certain state taxes under protest and sued to recover them. Judgment was rendered against him, and he took the appeal in which, as above stated, he seeks to avoid the statutory fee for filing the transcript. It appears that in most of the counties of this state, under the advice of district attorneys and a ruling of the attorney-general, the commissioner is not charged for official service; but that in at least one county, the payment of fees is required. This proceeding is brought to secure a positive ruling on the question, and thus to establish a uniform practice throughout the state.

The claimed exemption rests upon the provisions of section 4295 of the Political Code, that "the state . . . or any public officer . . . acting in his . . . official capacity on behalf of the state . . . shall not be required to pay or deposit any fee for the filing of any document or paper, or for the performance of any official service . . . " This section has never been construed by our appellate courts. It is, of course, conceded that petitioner is a "public officer acting in his official capacity". In the only case in this state which bears closely upon the question at issue, *Mercantile Trust Co.* v. *Miller,* 166 Cal. 563 [137 Pac. 913], the court had under consideration section 1058 of the Code of Civil Procedure, dispensing with an appeal bond where the state or "any state officer, in his official capacity or on behalf of the state" was the appellant. It was held that the superintendent of banks came within the language of this provision. *Amici curiae* appearing for respondent herein seek to distinguish this case on the ground that the section of the Code of Civil Procedure which the court construed was in the disjunctive, whereas the statute now before us is in the conjunctive. They assert that to obtain its benefits a public officer must show not only (1) that he is acting in his official capacity, but (2) that he is acting "on behalf of the state". They contend that the Insurance Commissioner, in taking charge of the business of an insolvent company, acts as the trustee of a private trust, on behalf of the private persons who are the ultimate owners of the trust property.

We are unable to agree with this contention, which ignores the basic purpose of the law under which the office of Insurance Commissioner was created. That law provides that when there is insolvency or such situation as would make

the further transaction of business by the insurer hazardous to its policy-holders, its creditors or to the public, the commissioner, with the aid of the attorney-general, shall institute a proceeding in the superior court placing him in possession of the company's property and seeking such other order as the interest of the policy-holders, creditors and public may require. (Deering's Gen. Laws 1931, Act 3739, sec. 2.) Other provisions give him wide powers to carry out these purposes. There can be no doubt that the statute was enacted under the police power for a purpose connected with the public interest; that the legislature has declared the liquidation of insolvent insurance companies a matter in which the state has an interest; and that consequently it has made provision for a state officer to protect and advance that interest. The Insurance Commissioner is not a mere private trustee, or receiver wholly dependent on the appointing court for his powers. He is a state officer, performing duties enjoined upon him by statute, and in their performance he acts on behalf of the state. Decisions from other jurisdictions fully support this characterization of the duties of such an officer. (See *Missouri State Life Ins. Co.* v. *Hall*, 330 Mo. 1107 [52 S. W. (2d) 174]; *People* v. *Niehaus*, 356 Ill. 104 [190 N. E. 349]; *O'Neil* v. *Welch*, 245 Fed. 261.) In *Mitchell* v. *Lay*, 48 Fed. (2d) 79, 84, the court refers to the official character of the duties of the Insurance Commissioner under our statute. The same view has been expressed in this state with reference to the similar position of building and loan commissioner. (*Richardson* v. *Superior Court*, 138 Cal. App. 389 [32 Pac. (2d) 405].)

It follows that petitioner is entitled to the exemption provided in section 4295 of the Political Code. Let a peremptory writ of mandate issue as prayed.

Shenk, J., Seawell, J., and Waste, C. J., concurred.

Curtis, J., and Preston, J., dissented.