58 P.(2d) 1197

## STATE ex rel. GIBSON v. FERNANDEZ.

### No. 4175.

Supreme Court of New Mexico.

May 19, 1936.

Nils T. Kjellstrom, of Albuquerque, for relator.

Manuel A. Sanchez, H. A. Kiker, and J. O. Seth, all of Santa Fé, for respondent.

BRICE, Justice.

This is a proceeding in quo warranto under chapter 115, N.M.Comp.St.Ann.1929 (section 115-101 et seq.), brought by the state of New Mexico upon the relation of T. W. Gibson to try the legal right of the respondent to hold the position of special tax attorney. A demurrer directed against the complaint was sustained; relator stood on his complaint, and judgment was en-

tered for the respondent, from which judgment this appeal is prosecuted.

We take from the facts alleged in the complaint the following which are sufficient to determine this case: That relator requested the Attorney General of the state of New Mexico to institute this proceeding, which he refused to do, and thereupon the relator (a citizen and taxpayer of the state of New Mexico, and interested in the subject-matter involved) instituted the proceeding. The respondent was elected to membership in the New Mexico House of Representatives on the 6th day of November, 1934, and thereafter duly qualified and entered upon the discharge of his duties and sat as a member of the twelfth session of the legislative assembly of the state. Respondent on the 3d day of April, 1935, was appointed to the office of special tax attorney by the state tax commission of the state of New Mexico, and thereafter duly qualified for and entered upon the discharge of the duties and the exercise of the powers of special tax attorney, and now holds that position. It is then charged that respondent is ineligible to hold the office of special tax attorney during the two years for which he was elected as a member of the Legislature, in that such appointment violates section 28 of article 4 of the Constitution of the state of New Mexico; and that respondent's appointment to the office of special tax attorney and his holding of membership of the state Legislature at the same time is in violation of section 141-703, N.M.Comp.St.Ann.1929. It is

prayed that respondent be ousted from the position of state tax attorney.

The respondent demurred to the complaint upon three grounds, as follows:

"1. It appears from the complaint that the office from which it is sought to oust respondent is not a civil office.

"2. It is not shown that as a member of the Legislature the respondent was receiving at the time of his appointment as Special Tax Attorney, or has received at any time since, any remuneration of any kind.

"3. No interest is shown in the plaintiff sufficient to entitle him to institute said complaint."

1. Section 28 of article 4 of the Constitution of New Mexico is in the following words: "No member of the legislature shall, during the term for which he was elected, be appointed to any civil office in the state, nor shall he within one year thereafter be appointed to any civil office created, or the emoluments of which were increased during such term; nor shall any member of the legislature during the term for which he was elected nor within one year thereafter, be interested directly or indirectly in any contract with the state or any municipality thereof, which was authorized by any law passed during such term."

Section 141-703, N.M.Comp.St.Ann.1929, provides, among other things: "No person holding any other office of public trust for

which remuneration of any kind is received shall be appointed, or act as delinquent tax collector or special tax attorney." The basis of the action is subsection (a) of section 115-104, which reads as follows:

"An action may be brought by the attorney general or district attorney in the name of the state, upon his information or upon the complaint of any private person, against the parties offending in the following cases:

"(a) When any person shall usurp, intrude, into or unlawfully hold or exercise any public office, civil or military, or any franchise within this state, or any office or offices in a corporation created by authority of this state."

1. The first contention of respondent is that the complaint fails to state a cause of action and is therefore vulnerable to his demurrer upon the ground that the position of special tax attorney is not a public office within the meaning of subsection (a) of section 115-104, N.M.Comp.St.Ann. 1929, under which this action was brought, and therefore the action does not lie.

Chapter 102, N.M. Session Laws 1919, made it the duty of the district attorneys of the state to commence and prosecute suits for the collection of delinquent taxes in their respective districts. Provision was made likewise for special counsel to be appointed by the state tax commission to bring such suits. By chapter 26 of N.M. Session Laws of 1925, the tax commission was authorized and directed to appoint special tax collectors whose duties, among others, were to institute and prosecute suits, actions, and proceedings for the collection of taxes.

Chapter 127, N.M. Session Laws of 1927, repealed the 1919 and 1925 acts above mentioned, and established a new system for the collection of delinquent taxes, the parts of which, pertinent to this case, are as follows:

"That Article IV, of Chapter 133, Laws of 1921, be and the same hereby is amended by adding thereto certain sections to be numbered 481 to 499, inclusive and to read as follows:

" 'Sec. 481. The power, jurisdiction and authority to collect all delinquent taxes, for the year 1925 and prior thereto, except those taxes barred by statute, is hereby vested in the State Tax Commission and hereafter whenever any tax has not been paid within thirty days after the second half thereof has become delinquent, under the terms of Sec. 415, Chapter 133, of the Laws of 1921, as amended herein, the power, jurisdiction and authority to collect the same shall become vested in the State Tax Commission.

" 'Sec. 482. For the purpose of collecting the said delinquent taxes the State Tax Commission is hereby granted all powers and duties heretofore granted to the District Attorneys of the several Judicial Districts within the State and to all special tax collectors or attorneys under existing laws. And the said Commission shall also have and is hereby vested with the power to enforce by mandamus or other appropriate

remedy in the courts the performance of all statutory, ministerial and executive duties of all state and county officers, the performance of which is necessary and requisite for the collection of delinquent taxes. * * *

" 'Sec. 483. For the purpose of carrying out the powers and duties conferred by this Act on the State Tax Commission in the matter of collection of delinquent taxes the Commission is hereby authorized and empowered to employ or use for each County of the State an officer to be known as "Delinquent Tax Collector," and the Commission is also further authorized and empowered to employ an officer to be known as "Special Tax Attorney," the duties and compensation of such special officers to be as hereinafter specified. [N.M.Comp.St. Ann.1929, § 141-443.] * * *

" 'Sec. 485. The Special Tax Attorney shall be appointed or selected by the Commission from persons skilled in the law and admitted to the Bar of the State of New Mexico, and his duties shall be to prepare all necessary legal proceedings or papers and conduct in the courts all litigation for the purpose of enforcement, in the courts, and otherwise the collection of delinquent taxes. It shall also be the duty of said Special Tax Attorney to supervise and carry on the necessary legal proceedings for the collection of Succession or Inheritance Taxes, Franchise Tax and Gross Earnings and Private Car Tax. Such special tax attorney may be removed from office at the discretion of the Commission. [N.M.Comp. St.Ann.1929, § 141-444.]

" 'Sec. 486. The Special Tax Attorney shall devote his entire time to the duties of his office, shall have his office in the offices of the State Tax Commission at Santa Fe, New Mexico, and shall be provided with such clerical, stenographic or other assistance as the Commission may determine to be necessary or requisite. The Special Tax Attorney shall be paid a salary not to exceed $4,000.00 per year, which together with the expenses of his office shall be paid out of the State Tax Commission Fund. [N.M.Comp.St.Ann.1929, § 141-445.] * * *

" 'Sec. 488. Every Delinquent Tax Collector and the Special Tax Attorney appointed by the State Tax Commission shall take and subscribe to an oath of office and give a surety company bond in such sum as the Commission shall prescribe for the faithful performance of his duties, which oath and bond shall be filed in the office of the Commission. [N.M.Comp.St.Ann. 1929, § 141-446.] * * *

" 'Sec. 491. The State Tax Commission shall have authority to bring and prosecute suits, actions and proceedings in the name of the state or county, and to distrain and sell personal property, for the collection of delinquent taxes. Any suit pending in any court for collection of delinquent taxes may be dismissed on motion of the Commission and a new suit commenced therefor, and the Court may permit the amendment of the complaint in any suit for delinquent taxes at any time before entering judgment." [N.M.Comp.St.Ann.1929, § 141-449.]

It is conceded by both parties that the result of this proceeding depends upon whether the position of special tax attorney is a public office; and if it is not, then the court is without jurisdiction and the case must be dismissed.

As stated in relator's brief, this court in State v. Quinn, 35 N.M. 62, 290 P. 786, referred to a definition of "public officer" in State ex rel. Barney v. Hawkins, 79 Mont. 506, 257 P. 411, 53 A.L.R. 583. The Montana court defined "public officer" in clearer language in State v. Page, 98 Mont. 14, 37 P.(2d) 575, 576, as follows: "This court in the case of State ex rel. Barney v. Hawkins, 79 Mont. 506, 257 P. 411, 418, 53 A.L.R. 583, defined the essential elements necessary in order for a public servant to be a public officer, as distinguished from a public employee, and after a prolonged discussion of the question summarized the result of its investigation in the following language: 'After an exhaustive examination of the authorities, we hold that five elements are indispensable in any position of public employment, in order to make it a public office of a civil nature: (1) It must be created by the Constitution or by the Legislature or created by a municipality or other body through authority conferred by the Legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the Legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power, other than the law, unless they be those of an inferior or subordinate office, created or authorized by the Legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional. In addition, in this state, an officer must take and file an official oath, hold a commission or other written authority, and give an official bond, if the latter be required by proper authority.'"

■■ All authorities agree that some portion of sovereignty must be vested in the occupant of a position, to constitute it a public office. By the terms of the New Mexico statute, "the power, jurisdiction and authority to collect all delinquent taxes" is vested in the state tax commission, and for that purpose it was "granted all powers and duties" theretofore granted to the district attorneys of the state and to all special tax collectors or attorneys under existing laws. A reference to the previous statutes referred to will show that this gave the tax commission full, complete, and exclusive power, authority, and jurisdiction over all that function of government necessary to be exercised (and the duty to exercise them) in collecting delinquent taxes, and left no power to be exercised by any other officer or authority. It is true the state tax commission is authorized to employ an officer to be known as "Special Tax Attorney" with duties specified in the act, whose compensation, with-

in a limit, is to be fixed by the state tax commission, but the purpose of his employment is not to exercise any of the functions of sovereignty, all of which is by unambiguous language delegated to the state tax commission. Sections 481 and 482 of chapter 133, N.M.Session Laws of 1921, as added by chapter 127 Session Laws of 1927 (section 4), were repealed by chapter 114, N.M.Session Laws of 1929. Section 1 of that act (section 141-701, N.M.Comp. St.Ann.1929) was substituted for the two, and is as follows: "The power, jurisdiction and authority to collect all delinquent taxes is hereby vested in the state tax commission, and hereafter whenever any tax has not been paid within six months after the date on which the second half of property taxes become delinquent as provided by law, the power, jurisdiction and authority to collect the same shall become vested in the state tax. commission."

The Legislature, as if anticipating just such question as here presented, prefaced the provision giving authority to employ such attorney (section 483, N.M.Session Laws 1921, c. 133, as amended by the act of 1927 copied herein [Comp.St.1929, § 141-443]) with the statement that for the purpose of "carrying out the powers and duties conferred by this act, * * * the Commission is hereby authorized," etc. Clearly, all sovereign power affecting the collection of delinquent taxes is conferred on the commission, and the special tax attorney is an employee whose special knowledge and services are recognized by the Legislature as necessary to carry out the powers and duties conferred. The language of the act not only confers the exclusive power and duty on the state tax commission to collect delinquent taxes, but states the object of the employment of a special tax attorney is for the purpose of carrying out that power and duty; which, inferentially, fixes his status as an employee of the state tax commission without possessing any portion of the sovereign power of the state.

Relator depends upon element (4) of the definition of "public officer" we have copied from State v. Page, supra. The meaning of this is not clear, but it has reference to subordinate officers to whom a portion of sovereign power has been delegated, though under the general control of a superior officer or body; otherwise every employee of government is a public officer. It could not apply to respondent, because he is vested with no sovereign power.

The position of special tax attorney is provided for by the Legislature; but he is neither elected nor appointed. One may be employed by the state tax commission at its option, and if employed he has definite duties fixed by law; but these duties,. the statute provides, are for the purpose of carrying out the powers conferred on the state tax commission. No definite time or tenure of office is provided for by law, but if one is employed he holds his position at the pleasure of the state tax commission. His duties are limited by law so that he cannot exercise all the powers given by section 9-130, Comp.St.Ann.1929, to attorneys generally. In 1929, by chapter 114, N.

M.Session Laws of that year (Comp.St. 1929, § 141-701 et seq.), the laws for the collection of delinquent taxes were partially revised, but the special tax attorney is not mentioned in its 23 sections, in connection with any of the duties, power, or authority in the matter of the collection of taxes, but all are vested by the Legislature in the state tax commission. He can perform no act in connection with the collection of taxes except by the authority or consent of the state tax commission, and then only "for the purpose of carrying out the powers and duties conferred by this act on the State Tax Commission in the matter of the collection of delinquent taxes," and not in the exercise of any governmental functions inherent in his position. He can file no suit, nor can he dismiss one without the consent or direction, expressed or implied, of the state tax commission, which conducts and controls all proceedings in behalf of the state. He is not one of those subordinate officers mentioned in State ex rel. Barney v. Hawkins, supra, who can exercise sovereign powers, under the general control of a superior officer or body, mentioned in the following quotation from that case: "Practically all of the authorities, however, hold that to an officer are granted some of the sovereign powers of the government, to be exercised for the benefit of the public. They hold, also, quite generally that an officer's duties must be prescribed by law, and that he must be independent in the exercise of them, and not subject to orders from a superior as to the nature

or discharge of his duties, with the exception of some assistants, such as Assistant Attorneys General, secretaries, and the like, created by law, with salaries fixed by law. Some authorities hold deputies to be officers; others not. Those two rules, stated above, delegation of sovereign power and independent exercise of it, with the stated exception in the latter, appear to be general."

The position itself has no permanency and continuity, in the sense that the law requires that it be occupied; but its occupancy at all, its occupant, and his salary within a maximum limit depend upon the will of the state tax commission. The entire control over litigation for collection of delinquent taxes is given to the state tax commission by section 491, N.M.Session Laws 1921, c. 133, as amended by chapter 127, § 4, N.M.Session Laws 1927 (N.M. Comp.St.Ann.1929, § 141-449), heretofore copied in this opinion.

In State Tax Commision v. Harrington, 126 Md. 157, 94 A. 537, the identical question was before that Supreme Court. The state tax commission of Maryland was authorized to "appoint an attorney at law of the state of Maryland to be and act as the general counsel of said Commission." After citing a number of authorities and holding "that the most general distinction of a public office is that it embraces the performance by the incumbent of a public function delegated to him as a part of the sovereignty of the state," the court stated: "In the case before us the Com-

mission may, under the provisions of the statute, appoint general counsel, but it is not required to do so. The salary and tenure of the employment are not fixed, no oath of office is required, no official bond is given, no commission issued, and the incumbent exercises no sovereign power, but only such power as is derived from and through the State Tax Commission, and is simply an employee or agent of the Commission."

In Application of Milwaukee Chapter Izaak Walton League of America et al., 194 Wis. 437, 216 N.W. 493, 494, it was urged that the state conservation director was an officer subject to being removed by quo warranto proceedings. The court stated: "Respondent claims that the application should be denied because he is not a public officer and quo warranto does not lie. The contention is well taken for the following reasons: He is employed by the commission, not appointed or elected. State ex rel. Pleasant, County Attorney, v. City of Ottawa, 84 Kan. 100, 113 P. 391. No definite term of holding the employment is fixed; his salary may be anything the commission fixes, not exceeding $6,500. His powers are in all things subordinate to those of the commission, and he must carry out its policies. He cannot even make rules, but must adopt those of the commission. Public officers must take an oath as prescribed by section 28, art. 4, of the Constitution, unless exempted therefrom. No exemption appears in the act and no requirement to take an oath. He is not required to give a bond. He is not required

to be a citizen of the state, as he must be if a public officer."

The special tax attorney is likewise employed by the commission, and not appointed or elected. No definite term of holding the employment is fixed; his salary may be anything the commission fixes, not to exceed $4,000 per annum. His powers are in all things subordinate to those of the commission, and he must carry out its policies and dictates. He cannot make rules, but must perform his services under the rule of the commission. About the only difference is the fact that the special tax attorney is required to take an oath and give bond, which is only a circumstance to be considered, and not proof, that the position is an office.

In Robertson v. Ellis County, 38 Tex. Civ.App. 146, 84 S.W. 1097, 1098, the question was whether or not an official court reporter was an officer. The court stated: "Now, while the fact that the position of stenographer is designated in the act providing for its creation as an office, and that it declares that the person who may be called to perform its duties 'shall be a sworn officer of the court,' affords some reason for determining it to be such, still it is believed the place possesses none of those sovereign functions of the judicial department of the government to which it relates, to distinguish it from a mere employment to perform a species of service, under public authority, for the assistance and convenience of the court and parties litigant therein, in which no judicial dis-

cretion or judgment is involved. * * * No act which he is authorized to do is independent of the control of others, or vested in him as a supreme power to be exercised as a right or prerogative of a judicial office. We conclude that while the position of a stenographer, under the statute in this state, may be, in a sense, an office, and the term thereof may continue for a longer period than two years, yet there is no such sovereign function of government embraced in the powers conferred upon the individual performing its duties as brings it within the meaning of the word 'office' as used in the section of the Constitution quoted."

In Burrell v. City of Bridgeport, 96 Conn. 555, 114 A. 679, 681, the question was whether the superintendent of bridges of the city was an officer. Under an ordinance of the city, passed by the common council, the director of public works was authorized to appoint a superintendent of bridges. The court said: "Burrell was in fact simply a superintendent, foreman, overseer, call it as you may, employed by the director, looking to the director alone for instructions and responsible to the director alone. The method of employment was under the charter a hiring like that of any other employee under the director."

The New York courts hold, in substance, that an officer is vested with some sovereign power which must be performed by him independently and without control of a superior power other than the law. This is clearly set out in People ex rel. Hoefle v. Cahill, 188 N.Y. 489, 81 N.E. 453, 454, in which it was determined that a coroner's clerk was not an officer. The court stated: "This statute does not assign any original, independent, or governmental duties to the position of clerk thus created any more than it does to that of assistant clerk or stenographer. Its plain meaning as a whole is that the coroner charged with various statutory duties and responsibilities shall have the power to appoint a clerical force which, under his direction and subject to his orders and control, shall assist him in the administration of the duties of his office by performing such routine and subordinate duties as may be assigned to them. There is entirely lacking any suggestion of those powers and responsibilities and of that independent action upon the part of one of these clerks which are inevitably incidental to a public office."

The court quoted with approval the following from People ex rel. Corkhill v. McAdoo, 98 App.Div. 312, 90 N.Y.S. 689, 691: "The essential element in a public office is that the duties to be performed shall involve the exercise of some portion of the sovereign power, whether great or small. [Citations.] And it can hardly be contended that a clerk, performing routine duties in strict subordination to a public officer, and with no authority under the statute to do anything except where it is authorized and directed by such officer, is exercising any of the sovereign powers. He is merely doing the detail work of the officer, who is exercising the sovereign

powers delegated to him by law, and, under the authorities cited last above, the relator is not a public officer."

In State ex rel. Pickett v. Truman, 333 Mo. 1018, 64 S.W.(2d) 105, the Missouri court decided a very similar question; and in which it was held the delinquent tax attorney was not a public officer, though his duties were substantially the same as those of the special tax attorney in New Mexico. Also, see Dawson v. Knox, 231 App.Div. 490, 247 N.Y.S. 731; State ex rel. Barney v. Hawkins, 79 Mont. 506, 257 P. 411, 53 A.L.R. 583; State v. Page, 98 Mont. 14, 37 P.(2d) 575; State ex rel. Newman v. Skinner, 128 Ohio St. 325, 191 N.E. 127, 93 A.L.R. 331.

It would unduly lengthen this opinion to follow appellant through his argument in his endeavor to show that each of the elements held to inhere in a public office in State v. Page, supra (which we do not necessarily approve in its entirety), is present in the position of special tax attorney; but it may be stated that the requirement to give a bond and take an oath and keep an office at the capital, are but circumstances to be considered, and not proof that the position in question is a public office. State ex rel. Ray v. Henry, 200 Ala. 480, 76 So. 422, and annotations in 93 A.L.R. 339, and in 53 A.L.R. 608. Whether the statute fixes a definite tenure may also be considered, but it is not more than a circumstance. Annotations, 53 A. L.R. 606; 93 A.L.R. 339. But, of these elements, any or all may exist in the case of an ordinary employment except the distinctive one that sovereign power must be vested in the position by the Legislature, else it is not a public office. It is therefore useless to consider other so-called elements of public office when it can be definitely stated that no sovereign power is vested in the special tax attorney.

The cases on the subject are so numerous it is unnecessary to review further, but we call attention to the annotations in 53 A.L.R. 595 et seq.; 93 A.L.R. 333 et seq.; and 17 Ann.Cas. 452 et seq., where those interested will find the decisions on the question collected and classified.

We do not pass on the question of respondent's eligibility to the position of state tax attorney. He is clearly not eligible by the plain language of the statute (section 141-703, N.M.Comp.St.Ann.1929) if the office of member of the Legislature is an "office of public trust for which remuneration of any kind is received," irrespective of the fact that he may be receiving no remuneration as a member of the Legislature during the period he holds the position of state tax attorney. This we do not decide; we only decide that quo warranto is not the proper proceeding to test the right to hold a position in the public service which is not a "public office, civil or military."

The judgment of the district court is affirmed, and the cause remanded.

It is so ordered.

SADLER, C. J., and HUDSPETH and ZINN, JJ., concur.

BICKLEY, Justice.

I concur in the result.