234 P.2d 336

**POLLACK v. MONTOYA et al.**

No. 5419.

Supreme Court of New Mexico.

July 17, 1951.

Lewis R. Sutin, Albuquerque, for appellant.

Dean S. Zinn, Santa Fe, for Tom O. Montoya.

Watson, McIntosh & Watson, Santa Fe, for Fidelity & Casualty Co. of New York.

LUJAN, Chief Justice.

This is a suit for damages brought in the District Court of Bernalillo County by

Sam Pollack against Tom O. Montoya as Chief of Division of Liquor Control and his bonding company. The defendants filed a motion to dismiss for lack of proper venue. The motion was sustained and plaintiff prosecutes this appeal.

Section 19–501 of the 1941 Compilation, provides in part as follows:

"All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows, and not otherwise:

\* \* \* \* \* \*

"Seventh. Suits against any state officers as such shall be brought in the court of the county wherein their offices are located, at the capital and not elsewhere."

The defendant, Tom O. Montoya, was duly appointed by the Commissioner of Revenue, with the approval of the Governor, to the office of Chief of Division of Liquor Control, pursuant to Section 61–202 of the 1941 Compilation. This office is located in the capitol building at Santa Fe, New Mexico. On January 1, 1947, he filed his oath of office and furnished bond as required by law.

The single question here, is: Was the said Tom O. Montoya, while employed by the Commissioner of Revenue with the approval of the Governor to perform the services of Chief of Division of Liquor Control, a state officer? Or, to press the inquiry one step further, was he a public officer at all? If the employment was a "public office," then, obviously, Montoya was a public officer. A "public officer" says Mr. Mechem, in his work on Public Officers, on page 1, Section 1, "is the right, authority and duty, created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is vested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. The individual so invested is a public officer."

We believe that in 22 Ruling Case Law, page 381, Section 12, the chief elements of a "public officer" are well summed up. The specific position must be created by law; there must be certain definite duties imposed by law on the incumbent, and they must involve the exercise of some portion of the government power. A position which has these three elements is presumably an "office" while one which lacks any of them is a mere "employment." Taking these as the criteria, was Tom O. Montoya occupying an "office." We think it obvious that he was. The Act created his position; it defined his duties, and it involved the exercise of some portion of sovereign power. He was not a mere stenographer or clerk in the employ of the Division of Liquor Control, or a gardner, or a janitor working about the capitol building.

However, plaintiff contends that the term "state officers" means the executive department heads of a State elected by the people and no one else. We cannot agree with this contention. The enumeration by the Constitution of certain officers constituting the executive departments of the State, Article 5, Section 1, does not necessarily deprive the Legislature of the power to create other executive officers, although it cannot abolish any of those created by the Constitution. Article 5, Section 5, of the Constitution recognizes and provides for the appointment of all officers whose appointment or election is not otherwise provided for.

In Ward v. Romero, 17 N.M. 88, 125 P. 617, 619, Chief Justice Roberts speaking for the court, said: "A warden of the penitentiary is a *state* officer unquestionably." (Emphasis ours.)

He then said: "It is the duty of this court to interpret the various provisions of the Constitution to carry out the spirit of that instrument. We should not permit legal technicalities and subtle niceties to control and thereby destroy what the framers of the Constitution intended.

"Where the spirit and intent of the instrument can be clearly ascertained, effect should be given to it, and the strict letter should not control if the letter leads to incongruous results clearly not intended."

In State ex rel. Gibson v. Fernandez, 40 N.M. 288, 58 P.2d 1197, 1199, we were confronted with the question whether a special tax attorney appointed by State Tax Commission was a public officer within Article 4, Section 28 of the New Mexico Constitution. In an exhaustive and unanimous opinion written for the court by Mr. Justice Brice the elements constituting an incumbent of a civil office a "public officer" were quoted approvingly from the case of State ex rel. Nagle v. Page, 98 Mont. 14, 37 P.2d 575, as follows:

"As stated in relator's brief, this court in State v. Quinn, 35 N.M. 62, 290 P. 786, referred to a definition of 'public officer' in State ex rel. Barney v. Hawkins, 79 Mont. 506, 257 P. 411, 53 A.L.R. 583. The Montana court defined 'public officer' in clearer language in State [ex rel. Nagle] v. Page, 98 Mont. 14, 37 P.2d 575, 576, as follows: 'This court in the case of State ex rel. Barney v. Hawkins, 79 Mont. 506, 257 P. 411, 418, 53 A.L.R. 583, defined the essential elements necessary in order for a public servant to be a public officer, as distinguished from a public employee, and after a prolonged discussion of the question summarized the result of its investigation in the following language: "After an exhaustive examination of the authorities, we hold that five elements are indispensable in any position of public employment, in order to make it a public office of a

civil nature: (1) It must be created by the Constitution or by the Legislature or created by a municipality or other body through authority conferred by the Legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the Legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power, other than the law, unless they be those of an inferior or subordinate office, created or authorized by the Legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional. In addition, in this state, an officer must take and file an official oath, hold a commission or other written authority, and give an official bond, if the latter be required by proper authority." ' "

However, as pointed later in our opinion in the Fernandez case, the overweening and decisive test is the vesting of some portion of the sovereign power in the holder of the office. On this point we said:

"(3, 4) It would unduly lengthen this opinion to follow appellant through his argument in his endeavor to show that each of the elements held to inhere in a public office in State [ex rel. Nagle] v. Page, supra (which we do not necessarily approve in its entirety), is present in the position of special tax attorney; but it may be stated that the requirement to give a bond and take an oath and keep an office at the capital, are but circumstances to be considered, and not proof that the position in question is a public office. State ex rel. Ray v. Henry, 200 Ala. 480, 76 So. 422, and annotations in 93 A.L.R. 339, and in 53 A.L.R. 608. Whether the statute fixes a definite tenure may also be considered, but it is not more than a circumstance. Annotations, 53 A.L.R. 606; 93 A.L.R. 339. But, of these elements, any or all may exist in the case of an ordinary employment except the distinctive one that sovereign power must be vested in the position by the Legislature, else it is not a public office. It is therefore useless to consider other so-called elements of public office when it can be definitely stated that no sovereign power is vested in the special tax attorney."

The decisive test named is settled as to the office of Chief of Division of Liquor Control by our decisions in Floack v. Bureau of Revenue, 44 N.M. 194, 100 P.2d 225; Chiordi v. Jernigan, 46 N.M. 396, 129 P.2d 640; Sprunk v. Ward, 51 N.M. 403, 186 P.2d 382; and Yarborough v. Montoya, 54 N.M. 91, 214 P.2d 769.

Indeed, there are those who assert that the legislature has conferred far too much of the State's Sovereign Power on this officer. We will not argue the point.

We find no difficulty in arriving at the conclusion, under the facts in this case, that Tom O. Montoya, was a state officer within the meaning of the statute creating the office of Chief of Liquor Control, fixing the salary and defining the duties of such office as well as requiring the filing of an official bond. It is well settled that when this office with powers and duties of state wide scope has been created by law and an incumbent is lawfully appointed to and qualifies to fill the same, such person is a state officer. Cf. State ex rel. Birdzell v. Jorgenson, 25 N.D. 539, 142 N.W. 450, 49 L.R.A., N.S., 67; Parks v. Commissioners of Soldiers' and Sailors' Home, 22 Colo. 86, 43 P. 542; People ex rel. Foley v. Montez, 48 Colo. 436, 110 P. 639; Askew v. Bassett Furniture Co., 172 Ga. 700, 158 S.E. 577; State ex rel. Swearingen v. Jones, 79 Fla. 56, 84 So. 84; Mitchell v. Taylor, 3 Cal.2d 217, 43 P.2d 803.

Finding no reversible error, the judgment is affirmed and, it is so ordered.

SADLER, McGHEE, COMPTON, and COORS, JJ., concur.