423 P.2d 982

**Arthur CANDELARIA and Mary Louise Candelaria, Plaintiffs-Appellants,**

**v.**

**BOARD OF COUNTY COMMISSIONERS OF VALENCIA COUNTY, New Mexico, Employer, and Maryland Casualty Company, a Maryland Stock Company, Insurer, Defendants-Appellees.**

**No. 8149.**

Supreme Court of New Mexico.

Feb. 20, 1967.

Chavez, & Cowper, Belen, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, Robert D. Taichert, Albuquerque, for appellees.

## OPINION

WOOD, Judge, Court of Appeals.

Plaintiffs appeal from a summary judgment denying them workmen's compensation. The issue is whether either plaintiff was an employee within the meaning of our Workmen's Compensation Act.

Mary Louise Candelaria was an election judge. Arthur Candelaria was a messenger, delivering the ballot boxes to the county clerk. Arthur, accompanied by Mary Louise, was transporting the boxes when he was involved in an automobile accident. The claims for workmen's compensation are based on injuries received in the accident.

Plaintiffs claim that the Board of County Commissioners was their employer and that they were workmen under the provisions of §§ 59–10–12(h) and 59–10–12(i), N.M.S.A.1953, in effect at the time of the accident in 1964. We do not agree. Neither plaintiff was a workman. Mary Louise was a public officer. Arthur was an independent contractor.

Pollack v. Montoya, 55 N.M. 390, 234 P. 2d 336, lists the requirements for one to be a public officer. They are:

1. The specific position must be created by law. Election judges are provided for by § 3–3–15, N.M.S.A.1953.

2. There must be certain definite duties imposed by law on the incumbent. The duties to be performed by an election judge are detailed in the election code. As examples, see §§ 3–2–27, 3–3–18, 3–3–27, 3–4–19 and 3–6–1, N.M.S.A.1953.

3. The duties must involve the exercise of some portion of government power. Government power concerning elections is conferred by the New Mexico Constitution, art. VII, § 1. The duties of election judges are in the exercise of that power. The Pollack opinion states:

"* * * A position which has these three elements is presumably an 'office' while one which lacks any of them is a mere 'employment.' * * *"

1A Larson, Workmen's Compensation Law § 56.00 at 816, states:

"Most states now make compensation available to public employees, but of these the majority exclude 'officials.' Officials are usually distinguished from employees in that they exercise some portion of sovereign power. * * *"

The statutory definition of workman does not include a public officer or official. Mary Louise was a public officer.

■ The duties to be performed by Mary Louise as an election judge are statutory. The county commissioners had no right to direct nor control her work. Thus, apart from being a public officer, she was not an employee. In an employer-employee relationship, the employer retains the right to control the manner in which the work would be done. Mendoza v. Gallup Southwestern Coal Co., 41 N.M. 161, 66 P.2d 426; Latta v. Harvey, 67 N.M. 72, 352 P.2d 649; Shaver v. Bell, 74 N.M. 700, 397 P.2d 723. On similar facts, an election judge was held not to be an employee in City of Los Angeles v. State Industrial Accident Commission, 35 Cal.App. 31, 169 P. 260.

The election judges named Arthur as a messenger to return the ballot boxes. Messengers are authorized by § 3–3–20(28), N.M.S.A.1953 (Supp.1965). For this service Arthur was paid "mileage at a rate not to exceed fifteen cents ($.15) a mile each way over the usually traveled route." Section 3–6–9, N.M.S.A.1953 (Supp.1965). Arthur relies on Eaton v. Bernalillo County,

46 N.M. 318, 128 P.2d 738, 142 A.L.R. 647. That case is not applicable; it dealt with authority to hire. There is no issue here concerning authority to hire. The issue is: when hired, was Arthur an employee or independent contractor?

■ Arthur was engaged to obtain a specific result—delivery of the ballot boxes. The statute does not set forth the means to be used in reaching that result. No claim is made that, in reaching that result, Arthur was subject to the control of either the election judges who hired him or the county commissioners who paid him the authorized mileage rates. The nature of his relationship with the Board of County Commissioners was a matter of law to be determined by the court from the undisputed facts. Roybal v. Bates Lumber Co., 76 N.M. 127, 412 P.2d 555.

On the record presented, Arthur was an independent contractor. See Jaramillo v. Thomas, 75 N.M. 612, 409 P.2d 131; Shaver v. Bell, supra; Campbell v. Smith, 68 N.M. 373, 362 P.2d 523; Bailey v. Farr, 66 N.M. 162, 344 P.2d 173. The statutory definition of workman does not include an independent contractor. Arthur was not an employee, therefore not entitled to workmen's compensation. See Roybal v. Bates Lumber Co., supra.

The summary judgment is affirmed.

It is so ordered.

NOBLE and CARMODY, JJ., concur.