499 P.2d 361

**B. D. LACY, Plaintiff-Appellant,**

**v.**

**Jose L. SILVA, Defendant-Appellee.**

**No. 826.**

Court of Appeals of New Mexico.

May 5, 1972.

Certiorari Denied June 9, 1972.

44

William L. Lutz, Martin & Martin, Las Cruces, for plaintiff-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Norman S. Thayer, John A. Templeman, Special Asst. Attys. Gen., for defendant-appellee.

OPINION

WOOD, Chief Judge.

Section 21–5–1(G), N.M.S.A.1953 (Repl. Vol. 4) requires that suits against "state officers as such" are to be brought at the capitol and, thus, in the district court of Santa Fe County. Silva is the district director of the Bureau of Revenue. Lacy sued Silva for malicious prosecution in the district court of Dona Ana County. The trial court dismissed for lack of venue and Lacy appeals. The issues are: (1) whether the district director of the Bureau of Revenue is a "state officer" within the meaning of § 21–5–1(G), supra, and (2) whether the malicious prosecution suit, in purpose and effect, is against the Bureau of Revenue and its Commissioner. Section 72–13–93, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971) is not involved, having been enacted subsequent to the events involved in this litigation.

Silva's headquarters as district director are in Las Cruces. He received a delinquency and collection report as to Lacy's taxes. He encountered Lacy in Las Cruces. The details of this encounter are disputed.

After this encounter, Silva signed a criminal complaint in magistrate court charging Lacy with battery. Lacy asserts the criminal complaint was amended to charge interference with administration of the revenue laws. See § 72–13–87, N.M. S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971). Whatever the charges before the magistrate, Lacy was bound over to district court and a criminal information was filed charging Lacy with violating § 72–13–87, supra. He was tried and acquitted of that charge. Lacy then sued Silva for malicious prosecution.

*Whether the district director is a state officer.*

State ex rel. Gibson v. Fernandez, 40 N.M. 288, 58 P.2d 1197 (1936) and Pollack v. Montoya, 55 N.M. 390, 234 P.2d 336 (1951) list five elements for a public office. See also Candelaria v. Board of

County Commissioners, 77 N.M. 458, 423 P.2d 982 (1967). Neither State v. Fernandez, supra, nor Pollack v. Montoya, supra, expressly adopt these five elements. Fernandez states, and Pollack quotes, language to the effect that the various elements are not necessarily approved in their entirety. It is not clear whether this qualifying language applied to the five elements listed or to other aspects of public office referred to in those opinions. With this ambiguity, we do not feel that the issue can be decided by literal application of the five elements.

Instead, we consider only one of the listed elements and the New Mexico Supreme Court's comment concerning that element. Element 2, listed as a requirement for public office, reads: " * * * it [the office] must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public. * * *" Pollack v. Montoya, supra. State v. Fernandez, supra, states: " * * * some portion of sovereignty must be vested in the occupant of a position, to constitute it a public office. * * *" Further in the opinion it is stated: " * * * of these elements, any or all may exist in the case of an ordinary employment except the distinctive one that *sovereign power must be vested in the position by the Legislature,* else it is not a public office. * * *" [Our emphasis]

Webster's Third New International Dictionary (1966) defines sovereignty as "supreme power;" "freedom from external control: autonomy, independence;" "controlling influence." The question then is whether supreme power or freedom from external control has been vested in the district director.

Our statutes do not mention the position of district director. The chief executive of the Bureau of Revenue is the Commissioner of Revenue. Section 72–13–17, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971). It is the Commissioner's duty to supervise all operations of the Bureau,

to administer and enforce the laws, and to supervise all employees of the Bureau. In carrying out these duties the Commissioner is empowered to organize the Bureau into units, to confer authority and delegate responsibility, to employ persons required to discharge the Commissioner's duties and to " * * * countermand any order or instruction of any employee of the bureau. * * *" Section 72–13–18, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971). Under §§ 72–13–17 and 72–13–18, supra, sovereign power is clearly vested in the office of the Commissioner.

In the exercise of that power, the Commissioner established revenue districts, appointed Silva as district director and delegated certain duties and responsibilities. In the exercise of his power, the Commissioner requested the Attorney General to dismiss the battery complaint filed by Silva and to file a complaint for obstructing or impeding the administration of revenue laws. Thus, in this case, although authority and responsibility had been delegated to Silva by the Commissioner, the Commissioner countermanded the action of his district director.

The foregoing illustrates that the district director is not free from control by the Commissioner, is not autonomous and is not independent. Sovereign power has not been vested with the district director either by the Legislature or by the Commissioner pursuant to legislative authority. Absent a vesting of sovereign power in Silva as district director, he was not an "officer" within the meaning of § 21–5–1(G), supra. Silva was an employee. Section 72–13–15(D), N.M.S.A. 1953 (Repl.Vol. 10, pt. 2, Supp.1971).

This result is consistent with and comparable to the fact situation in State v. Fernandez, supra. The facts in Pollack v. Montoya, supra, are distinguishable; there, the Legislature had established the position involved. This result is not contrary to Allen v. McClellan, 77 N.M. 801, 427 P.2d 677 (1967); there, the defend-

ants held positions established by and exercised authority conferred by the Legislature.

*Whether the malicious prosecution suit is in effect a suit against the Bureau of Revenue or its Commissioner.*

The question under this issue does not involve either immunity from suit or immunity from liability. Only the question of venue is involved. Silva claims Lacy's suit, in effect, is against the Bureau or the Commissioner and, therefore, the district court of Dona Ana County ruled correctly in holding there was no venue in that county. See Allen v. McClellan, supra. This claim misappraises the facts.

Lacy does not seek to enjoin any action by the Bureau or the Commissioner. See State ex rel. Bureau of Revenue v. MacPherson, 79 N.M. 272, 442 P.2d 584 (1968). Lacy seeks no relief against the Bureau or the Commissioner. His claim is that the conduct of Silva " . . . which gave rise to the filing of the criminal complaint was entirely outside the scope of his employment with the State of New Mexico" and that by reason of Silva's testimony " . . . which was false, malicious and without reason or cause the plaintiff was bound over . . . " to the district court for trial on a criminal charge. He seeks damages only against Silva and on the basis of acts outside the scope of Silva's employment.

■ Under these allegations, § 21–5–1(G), supra, is not applicable. Allen v. McClellan, supra. See Marquart v. Maucker, 184 N.W.2d 684 (Iowa 1971); Norred v. Dispain, 119 Ga.App. 29, 166 S.E.2d 38 (1969).

The order dismissing the complaint for lack of venue is reversed. The cause is remanded with instructions to reinstate the case upon the docket of the court and for further proceedings consistent with this opinion.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.