[No. 1862]

R. C. LEEPER, APPELLANT, v. LYLE JAMISON, ET AL., AS THE CITY COUNCIL OF THE CITY OF RENO, AND THE MAYOR AND CITY, RESPONDENT.

1. MUNICIPAL CORPORATIONS—OFFICERS—REMOVAL.

Article 15, section 11, of the constitution provides that when the tenure of any office is not declared by law, the office shall be held during the pleasure of the power making the appointment. *Held*, that where the term of office of the chief of police is not specified by law or city charter, an incumbent may be removed at will without his resignation, and the acceptance by the mayor and council of an incumbent's resignation constitutes a removal, though the resignation was executed many months before for a special purpose, and had no force as such, and was not to be presented.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, Washoe County; *John S. Orr*, Judge.

Action by R. C. Leeper against Lyle Jamison and others, City Council of the City of Reno, and another. Defendants had judgment, and plaintiff appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*W. D. Jones*, for Appellant:

I. The main questions on this appeal are: (1) Has the tenure of office of the chief of police of Reno been declared? (2) Could the council with the mayor remove the appellant without cause, notice or hearing? (3) Does section 11, article 4, of the constitution of this state (Comp. Laws, 175) apply?

(4) A construction of section 4, article 7, of the constitution of this state (Comp. Laws, 133) and its application to the question involved. (5) Was the mayor and council justified in using the so-called resignation of appellant in ousting him from the office of chief of police? As to the first question, has the charter declared the tenure of the chief of police? Section 1 of article 9 makes plain the great importance of the office of chief of police.

II. Appellant insists that from all of these provisions of the charter the tenure of office of the chief of police has been declared by the charter to be: (1) Until removed as provided in article 19 of the charter (Stats. 1905, 139, sec. 2), or as provided in article 3 (Stats. 1905, 101, sec. 2). (2) Or until a new mayor and council succeed to those respective offices and nominate and confirm a successor.

III. The second question is: Could the council with the mayor remove Leeper as chief of police without cause, notice or hearing? We think not. Article 3 of the charter (Stats. 1905, 101, sec. 2) provides that the mayor may suspend the chief for dereliction, neglect or nonperformance of duty, and report such action and cause therefor to the council at the first subsequent regular meeting, and if the council by a majority vote approve the suspension, the office shall be declared vacant. If a majority vote be against such approval, such suspension shall be revoked. We have clearly shown that the charter has prescribed two methods of vacancy in the office of chief of police, to wit: the one as prescribed in article 19 (Stats. 1905, 139, sec. 2), and the other in article 3 (Stats. 1905, 101, sec. 2).

IV. *Expressio unius est exclusio alterius.* (Anderson's Dictionary, 436.) The rule is well settled that where the events that shall constitute a vacancy in a particular office are clearly enumerated, all other causes of vacancies are excluded.

V. To determine the tenure of office of appellant, the entire charter should be read and construed together, from which it will appear that it was the intention of the legislature that the chief of police should be appointed for two years, unless sooner removed in the manner prescribed in the charter, or unless he should resign or die. (*State* v. *Ruhe*, 24 Nev. 261.)

*Frank D. King* and *Summerfield & Curler*, for Respondents:

I.   Section 11 of article 15 of the constitution of Nevada, provides as follows: "The tenure of any office not herein provided for may be declared by law, or, when not so declared, such office shall be held during the pleasure of the authority making the appointment; but the legislature shall not create any office, the tenure of which shall be longer than four years, except as herein otherwise provided in this constitution."

II.   Counsel for appellant urges that, because the office of chief of police was not created by the constitution, the provisions of section 2. of article 15 of the constitution do not apply to that office.   In this he fails to ascribe to the words "any office not herein provided for" the significance and the meaning which they necessarily convey.   It is too plain for argument that they include statutory as well as offices of constitutional origin, and the several cases heretofore cited show that the offices in question, in those cases, are offices of statutory origin only.   Section 4 of article 7 of the constitution, directing provision to be made by law for the removal from office of any civil officer other than state and judicial officers by impeachment, does not, under the authorities hereinbefore cited, limit the appointing authority for removing its appointees whose tenure of office has not been declared by law.

III.   If he was removed by the appointing power rightfully, it necessarily follows that he had, and has, no right to the salary of the office during the time he was removed.

IV.   The conclusion is irresistible that it was the legislative intent that these particular officers, by reason of the nature of their duties, should not have a fixed tenure of office, but should be removable promptly at the pleasure of the appointing power.   The law having provided, *ex industria*, the tenure of all of the other officers, it is not possible that the omission to fix a tenure of these particular offices was the result of oversight or mistake.   In fact, it is well known that in the government of American municipalities these particular officers are generally appointed without any fixed tenure, and are subject to removal with or without cause, and with or without notice, at the pleasure of the appointing power.   The charter act of the City of Reno is not, therefore, unique in this respect,

but follows along the line of law adopted for the government of municipalities in this country.

By the Court, TALBOT, J.:

Plaintiff brought this action to obtain a judgment declaring that he is the chief of police of the City of Reno, and as such entitled to an accrued salary of $2,047.75. From a decision adverse to him in the district court, he has appealed.

The case was tried upon an agreed statement of facts, from which it appears that the plaintiff was appointed and became chief of police on the 14th day of May, 1907; that on the 9th day of December, 1907, while the mayor and city council were in regular session, the mayor delivered to the clerk of the council a writing signed by the plaintiff, stating that he tendered his resignation as chief of police, to take effect at once, and asking that it be accepted; and thereupon the office of chief of police was declared to be vacant and a successor to plaintiff was nominated and appointed and the appointee qualified and entered upon, and has since continued to perform, the duties of the office. According to the stipulated facts, this writing had been signed and delivered by the plaintiff to the mayor on the 13th day of May, 1907, for the purpose of protecting the mayor from the criticism of certain persons who were opposing the plaintiff for the nomination and appointment to the office, and had been left with the mayor under the promise that it would not be used for any other purpose, nor as a resignation of the office by the plaintiff.

A number of questions have been presented and argued relating to the force and effect of the writing, but these need not be considered at length, for it may be conceded that the writing had no force as a resignation when it was never executed nor authorized by the maker to be delivered or used for that purpose. As no term for the office of chief of police is specified in the charter nor by law, the incumbent could be removed at will without any resignation being filed and without any reason being given by the mayor or council for his removal, under section 11 of article 15 of the state constitution, which provides that, when the tenure of any office is not declared by law, the office shall be held during the pleasure of

the power making the appointment. Many cases sustaining this proposition are cited in the brief.

The judgment of the district court is affirmed.