THE STATE OF NEVADA, ON RELATION OF W. T. MATHEWS, ATTORNEY GENERAL OF SAID STATE, PLAINTIFF, v. JOHN H. MURRAY, DEFENDANT.

No. 3752

June 15, 1953.                                    258 P.2d 982.

(On motion to dismiss, June 29, 1953)

*W. T. Mathews,* Attorney General, *Geo. P. Annand, Wm. N. Dunseath,* and *John W. Barrett,* Deputy Attorneys General, for Plaintiff.

*John R. Ross,* of Carson City, for Defendant.

## OPINION

### ON MOTION TO STRIKE SUPPLEMENTAL AFFIDAVIT, ETC.

*Per Curiam:*

Original complaint in the nature of quo warranto. Defendant filed a motion to dismiss which was argued and submitted to this court May 25, 1953, subject to the filing of further briefs. Thereafter defendant, in support of his motion to dismiss upon the ground that the matter had become moot, filed a photostat copy of a purported resignation as state senator, to the governor. This was in response to plaintiff's argument that the asserted resignation made to the county commissioners was not a resignation under our statutes. Defendant also filed the affidavit of Robert A. Allen, as chairman of the public service commission and, as such, the administrator of the drivers license division thereof, purporting to show that the defendant's duties as director of the drivers license division were administerial only and not official functions. N.C.L., sec. 4435.45 et seq., sec. 4435.54, 1943–1949 Supp.

The matter is before us on plaintiff's motion to strike the supplemental matters upon the ground that they were not filed with leave of court, that they were fugitive documents, and that, not having been submitted with the motion to dismiss (Rule 6(d)), [Nevada Rules of Civil Procedure], they have presently no standing. During the course of the oral argument defendant made four requests or motions to the court: (1) that under Rule 12(b) defendant's motion to dismiss be deemed a motion for summary judgment under Rule 56; (2) that defendant be permitted then and there to make his oral motion for summary judgment based upon the said supplemental matters; (3) that he be permitted to file a written motion for summary judgment; (4) for an order nunc pro tunc permitting him to file the supplementary matters as of the date of the service and filing of his motion to dismiss. Said supplementary matters were all known to defendant when he filed his motion to dismiss. Without prejudice to any action the court may be disposed to take with reference to the various matters that now are or may hereafter be submitted under the motion to dismiss or upon other pleadings that may be filed herein, we see no justification either for the attempted supplemental support of the motion to dismiss or the tardy presentation of the defendant's sundry motions above referred to.

The motion to strike the supplemental matters in support of the motion to dismiss is hereby granted. Defendant's various motions above referred to (but not including his motion to dismiss) are hereby denied.

## OPINION

### ON MOTION TO DISMISS

By the Court, MERRILL, J.:

This is an original proceeding by complaint and information in the nature of a quo warranto. It challenges the right of defendant to hold the position of director

of the drivers license division of the public service commission of Nevada. The proceedings are now before us on defendant's motion to dismiss the action.

The sole basis of the state's complaint is that at the time defendant accepted the position of director he was serving as state senator from Eureka county. It is the state's position that this is in violation of section 1, article III of the constitution of this state (sec. 51, N.C.L.1929) providing for the division of the powers of government.

Defendant's motion to dismiss is based upon his contention that quo warranto may not lie to determine his right to fill the position in question for the reason that that position is not a public office. Section 9203, N.C.L. 1929, dealing with quo warranto, provides in pertinent part as follows: "A civil action may be brought in the name of the state: 1. Against a person who usurps, intrudes into, or unlawfully holds or exercises, a public office, * * *."

It is clear that quo warranto "will lie only for the usurping of a public office * * * and not merely the function or employment of a deputy or servant of another." State ex rel. Ryan v. Cronan, 23 Nev. 437, 444, 49 P. 41, 42. To the same effect: State v. Glenn, 9 W.W.Harr.(Del.) 584, 4 A.2d 366; State v. Page, 98 Mont. 14, 37 P.2d 575; State v. Fernandez, 40 N.M. 288, 58 P.2d 1197; See: 74 C.J.S. 188 (Quo Warranto; sec. 8). The question, then, is whether the position of director of the drivers license division is a public office. The state's complaint so characterizes it.

The nature of a public office as distinguished from mere employment is the subject of a considerable body of authority, and many criteria of determination are suggested by the courts. See Ann.: 53 A.L.R. 595, 93 A.L.R. 333, 140 A.L.R. 1076. Upon one point at least the authorities uniformly appear to concur. A public

office is distinguishable from other forms of employment in that its holder has by the sovereign been invested with some portion of the sovereign functions of government.

In State ex rel. Kendall v. Cole, 38 Nev. 215, 219, 148 P. 551, 552, this court stated: "An office does not spring into existence spontaneously. It is brought into existence, either under the terms of the constitution, by legislative enactment, or by some municipal body, pursuant to authority delegated to it. 'All public offices must originally have been created by the sovereign as the foundation of government.' (3 Cruise's Dig., p. 109, sec. 5.)" In that opinion this court, in definition of a public office, quoted Wyman on Public Offices, sec. 44, as follows: "The right, authority and duty conferred by law by which, for a given period, either fixed by law or through the pleasure of the creating power of government, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. The warrant to exercise powers is conferred, not by contract, but by law."

In La Polla v. Davis (Ohio Com. Pl., 1948), 89 N.E. 2d 706, 708, it is stated: "Fifty years ago our Supreme Court in State ex rel. Attorney General v. Jennings, 57 Ohio St. 415, 49 N.E. 404, 63 Am.St.Rep. 723, laid down this rule, which has been applied in many cases since: 'To constitute a public office, against the incumbent of which quo warranto will lie, it is essential that certain independent public duties, a part of the sovereignty of the state, should be appointed to it by law, to be exercised by the incumbent in virtue of his election or appointment to the office thus created and defined, and not as a mere employe, subject to the direction and control of some one else.' The Court said further, * * * 'The fact that a public employment is held at the will or pleasure of another, as a deputy or servant, who holds

at the will of his principal, is held * * * to distinguish a mere employment from a public office; for in such cases no part of the state's sovereignty is delegated to such employes.' " To the same effect are State ex rel. Barney v. Hawkins, 79 Mont. 506, 257 P. 411, 53 A.L.R. 583; and State v. Fernandez, supra, in both of which a full and careful study of the authorities is given. See also: 67 C.J.S. 97 (Offices, sec. 2); 42 Am.Jur. 881 (Public Offices, sec. 3); Mecham on Public Offices, secs. 1, 4.

We look, then, to the pertinent legislation which is conceded to be the uniform motor vehicle operators' and chauffeurs' license act (sec. 4442, N.C.L.1929, 1931–1941 Supp., et seq.) enacted in 1941. Under this act specified duties and authority relative to the issuance of drivers' licenses were placed in the hands of a "department" under the head of an "administrator." Section 6 of the act (sec. 4442.05, N.C.L.) provides among definitions: "(a) Administrator; the administrator is the state highway engineer of this state. (b) Department; the state highway department of this state acting directly or through its duly authorized officers and agents." Section 26 of the act (sec. 4442.25, N.C.L.) provides: "The administrator is authorized to employ examiners, deputies and such other help as may be necessary to carry out the provisions of this act, also to provide suitable office accommodations and to promulgate rules and regulations governing activities of the department hereunder." In 1949 the functions and duties provided by the act were transferred from the state highway department to the public service commission of Nevada (sec. 4435.47, N.C.L.1929, 1943–1949 Supp.) and that commission was authorized "to employ all necessary office personnel for the purposes of this act and to fix the compensation thereof." (Sec. 4435.54, N.C.L.)

Nowhere in either act is any reference made to the "drivers license division" of the department or to a

director thereof. Nowhere are duties imposed or authority granted save to the department and to its administrator. It appears clear that the position of director was created not by the act but by the administrator and may as easily by him be discontinued or destroyed. It appears clear that the duties of the position are fixed not by law but by the administrator and may as easily by him be modified from time to time. No tenure attaches to the position save as may be fixed from time to time by the administrator. The director, then, is wholly subordinate and responsible to the administrator. It cannot, then, be said that that position has been created by law; or that the duties which attach to it have been prescribed by law; or that, subject only to the provisions of law the holder of such position is independent in his exercise of such duties. It cannot, then, be said that he has been invested with any portion of the sovereign functions of the government.

As was stated in People ex rel. Throop v. Langdon, 40 Mich. 673: "We find * * * no evidence that an office known as chief clerk in the office of the assessor * * * has been created. A person has been appointed, and has acted under the designation of chief clerk, but no statute or ordinance has given him that title, and if he were now to be called and to style himself in the discharge of his duties head clerk, or leading clerk, or assistant to the assessor, or assessor's amanuensis, it would, for aught we can discover, be equally well, for nothing whatever depends upon the name. * * * Nor do the duties usually performed by the chief clerk indicate an office rather than an employment. * * * He is still wholly subordinate to the assessor, having no independent functions. * * * The duties, such as they are, can be changed at the will of the superior, since no rule of law or well defined custom forbids it."

The state asserts that since the record now before this court does not contain any showing as to the nature of the duties which now attach to the position, we cannot at

this stage of the proceedings determine that the position is not an office. For the reasons discussed, however, it is apparent that the specific character of those duties cannot affect our decision. Regardless of the extent of responsibility which at any given time might be delegated by the administrator to the defendant, the functions of sovereignty which are involved continue to repose in the administrator to whom they have been assigned by sovereign act.

We conclude that the position of director of the drivers license division of the public service commission of Nevada is not a public office; that quo warranto does not, therefore, lie to test the propriety of defendant's holding of that position; that the motion to dismiss the action, accordingly, must be granted.

Defendant in his motion to dismiss has also suggested that the action has now become moot by virtue of his having resigned from the office of state senator. The suggestion is opposed by the state. In the light of our opinion as expressed no decision need be made upon this point.

Action dismissed.

EATHER, C. J., and BADT, J., concur.