Dye, J.
When this claim for death benefits came on for a hearing before the Workmen’s Compensation Board, the single question considered was stipulated, viz., “Is a duly elected Assemblyman of the State of New York in the employ of the State of New York within the meaning of Section 3, group 16, of the Workmen’s Compensation Law 1 ’ ’
The question arose when the State Insurance Fund controverted a claim for dependency benefits filed by appellant as widow of Harold Toomey, a duly elected member of the State Assembly, who, while attending a session of the Legislature on March 11, 1953, died of a heart attack in an Albany hotel. His death was allegedly due to accidental means sustained in the course of and by reason of his employment. Since establishment of an employee status was an essential prerequisite in any event, the issues of accident and causalty have been held, pending decision of that question.
The appellant would have us answer the question in the affirmative, reverse the order appealed from and remit the claim to the board for consideration on its merits, for the reason that when the Legislature used the language ‘ ‘ Any employment by the state ”, it intended thereby to include members of the Legislature within the coverage of the Workmen’s Compensation Law; in other words, that such language casts the State and a member of its Legislature in the relation of em *448 ployer and employee. In support of such contention, the appellant points to the Workmen’s Compensation Law (§ 3, subd. 1, group 16) which, insofar as pertinent, provides: “ Group 16. Any employment by the state, notwithstanding the definitions of the terms ‘ employment,’ ‘ employer ’ or ‘ employee,’ in subdivisions three, four and five of section two of this chapter ”.
Initially, payment of workmen’s compensation benefits, regardless of fault, to workmen injured in the course of a hazardous employment or — if death resulted — to their survivors, was deemed such a radical departure from the established rules governing due process as to require constitutional sanction (Ives v. South Buffalo Ry. Co., 201 N. Y. 271). It is significant to note that, when the People adopted the constitutional amendment approving such payments, they gave the Legislature unlimited power “ to enact laws for the protection of the lives, health, or safety of employees ” (N. Y. Const., art. I, § 18, derived from Const., 1894, art. I, § 19, as added in 1913). This was done without making any effort to define either the terms ‘ ‘ employment ”, “ employee ” or “ employer ’ ’. Thus, we assume that the ordinary and usual understanding and meaning of the terms, as used in the common parlance, was intended and that, for purposes of statutory interpretation, they are to be construed in the light of the surrounding circumstances (Goldstein v. State of New York, 281 N. Y. 396; Board v. Hearst Pub., 322 U. S. 111), including the mischief to be corrected and the end to he attained (McKinney’s Cons. Laws of N. Y, Book 1, Statutes, §§ 95, 96, and cases cited).
The Legislature, in the exercise of such constitutional mandate, has over the years listed what it deems hazardous employments which cover a wide and almost unlimited field of human activities (Workmen’s Compensation Law, art. 1, § 3) without, however, so much as mentioning the duties of a member of the Legislature or those of other elected public officials. This omission unquestionably was intentional, as the concept of public official is repugnant to that of employee although, in a broad sense, both public officers and their subordinates are servants of the People. It is a distinction the law recognizes (Public Officers Law). Nothing turns on the circumstance that, in some situations, the Legislature has brought officers of domestic corporations within the coverage of the Workmen’s Compensation Law (§ 54, subd. 6) or that the Legislature per *449 mitted elected public officials to become members of the State Employees’ Retirement System (Civil Service Law, former art. 4, § 50, subd. 8). The point is that when “ officers ” are treated as “ employees ” for a special purpose, the Legislature has specifically authorized such treatment by appropriate legislative enactment. Had the framers of the Constitution intended to authorize the Legislature to make an exception in relation to compensation coverage for elected State officials, it could have so provided, but it did not, and the Legislature to date has not attempted to interpret its mandate otherwise. This is understandable for, if by analogy, legislators are employees in the sense of workmen within the meaning of the Workmen’s Compensation Law, then it follows that other elective officials in the co-ordinate branches of government are also workmen within the meaning of the act and entitled to compensation benefits for injuries received in the course of and by reason of their duties as public officials. Mere mention of such a construction refutes its reasonableness.
The case of Rich v. Industrial Acc. Comm. (36 Cal. App. 2d 628) relied on by appellant is wholly irrelevant. It dealt with the California compensation statute which, by its expressed terms, applies to “All elected and appointed paid public officers ”. The New York statute contains no such language and it may not be impliedly read into the statute by a strained judicial construction.
The order appealed from should be affirmed.