ROBERT E. EADS, APPELLANT, *v.* CITY OF BOULDER CITY, ET AL., RESPONDENTS.

No. 9961

December 7, 1978                                              587 P.2d 39

[Rehearing denied January 11, 1979]

*Charles M. Damus* and *Mark R. Eads,* of Las Vegas, for Appellant.

*John P. Fadgen,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

In the district court Robert Eads sought mandamus to compel the Civil Service Commission of Boulder City to hear his appeal from the action of the City Manager terminating his employment as the Director of Public Works.[1] The district court dismissed his petition and this appeal followed. That court was of the opinion that Eads was not within the Civil Service Rules as he was not a classified employee. We affirm that determination.

1. The Boulder City Charter requires the Civil Service Commission to adopt rules to govern the selection and appointment of all employees (art. VII, § 69,1), and to establish procedures through which an employee may appeal a disciplinary action to the Commission (art. VII, § 69,5).[2]

The City Manager, as the Chief Executive Officer, is given the authority to "Appoint all officers and employees of the City, and when necessary for the good of the service, remove any officer or employee of the City except as otherwise provided by this charter. . . ." Art. III, § 28,1. And art. III, § 30, 1 and 2, provide that there shall be such administrative departments as may be established by ordinance, and at the head of each department shall be a director, "who shall be an officer of the city and shall have supervision and control of the department subject to the City Manager."

A city ordinance established the Department of Public Works and defined the duties of its director. By virtue of the

---

[1]Eads also sought reinstatement and damages for wrongful discharge from employment. The district court declined to rule on these issues and limited its decision to the single question: whether the Civil Service Commission possessed jurisdiction to entertain the Eads appeal.

[2]Section 5 of Rule XI, promulgated by the commission provides: "Within ten (10) days after a reduction in pay, suspension, demotion or dismissal by the City Manager, the employee affected by such action may appeal to the Commission by filing with the Commission a notice of appeal. The notice of appeal shall be signed by the employee, and shall clearly state the name and address of such employee."

express language of art. III, § 30,2, such director is an "officer" of the City. Whether such director also is an "employee" within the meaning of the rules governing civil service is the issue tendered to us.

2.   The distinction between a public officer and an employee has been a subject for the consideration of this court from time to time. State v. Cole, 38 Nev. 215, 148 P. 551 (1915); St. Ex Rel. Mathews v. Murray, 70 Nev. 116, 258 P.2d 982 (1953); Mullen v. Clark County, 89 Nev. 308, 511 P.2d 1036 (1973).[3] In Mathews, supra, the court wrote: "Upon one point at least the authorities uniformly appear to concur. A public office is distinguishable from other forms of employment in that its holder has by the sovereign been invested with some portion of the sovereign functions of government." Id. at 120–121. On the other hand, the sovereign function of government is not delegated to a mere employee. Indeed, statute tells us that a public officer is a person elected or appointed to a position which is established by the constitution or a statute of this state, or by a charter or ordinance of a political subdivision, and which involves the continuous exercise of a public power, trust, or duty. NRS 281.005(1).

Since the office of Director of Public Works was created by city ordinance, the duties of the director therein defined, and the position declared to be that of an officer of the city, it is apparent that the director is invested with some portion of the sovereign functions of government. He is a public officer.

The Civil Service Rules do not mention public officers. Those rules only mention employees. The established distinction between an employee who is not a public officer and one who is compels us to conclude, as did the district court, that public officers intentionally were excluded from civil service protection.

3.   The petition for mandamus tendered other issues to the district court which were not considered. It was alleged that the

---

[3]State v. Cole, supra, the office of exposition commissioner of the State of Nevada for the Panama-Pacific and Panama-California expositions was held not to be a public office since none of the sovereign power of the state was entrusted to him, and his compensation, and details of his duties were matters of contract with the board of directors.

St. Ex Rel. Mathews v. Murray, supra, the director of the Drivers License Division of the Public Service Commission was held not to be a public officer since the position was created by the administrator and not by law, and his duties also were specified by the administrator.

Mullen v. Clark County, supra, the director of Juvenile Court Services was held not to be a public officer since the functions of sovereignty reposed in his superiors, no tenure attached to his position and he was wholly subordinate to the judge.

dismissal was without cause, without notice of charges, and without an opportunity to be heard. Those allegations lack substance and meaning if the city manager, as the appointing authority, was empowered to dismiss the Director of Public Works at will. This presents a question of law which we now should resolve rather than to remand for initial district court determination with the consequent delay which inevitably would flow from that course of action.

The tenure of the Director of Public Works is not specified by ordinance, nor does ordinance or charter state that he may be discharged only for cause. Cf. Richardson v. Bd. Regents, 70 Nev. 347, 269 P.2d 265 (1954); Oliver v. Spitz, 76 Nev. 5, 348 P.2d 158 (1960); Paulson v. Civil Service Commission, 90 Nev. 41, 518 P.2d 148 (1974). Absent a specified term of office, the incumbent may be removed at will by the appointing authority. Leeper v. Jamison, 32 Nev. 327, 108 P. 1 (1910). Indeed, Nev. Const. art. 15, § 11, so provides. It states:

> The tenure of any office not herein provided for may be declared by law, or, when not so declared, such office shall be held during the pleasure of the authority making the appointment, . . . . In the case of any officer or employee of any municipality governed under a legally adopted charter, the provisions of such charter with reference to the tenure of office or the dismissal from office of any such officer or employee shall control.

In such circumstances removal may occur without notice and without the necessity of providing a formal procedure therefor. Mitchell v. Town of Eaton, 491 P.2d 587 (Colo. 1971).

Affirmed.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOU-KIAN, JJ., concur.