GEORGE LANE et al., Appellants, v FREDERICK FLACK, Respondent.

Third Department, February 21, 1980

## APPEARANCES OF COUNSEL

*Byron & Carpenter (Robert E. Carpenter* of counsel), for appellants.

*Hesson, Ford, Sherwood & Whalen (Henry Neal Connolly* of counsel), for respondent.

## OPINION OF THE COURT

HERLIHY, J.

Plaintiff George Lane was the administrator of the Memorial Hospital of Greene County (hospital), and defendant Flack was the Treasurer of Greene County and, as such, served as treasurer of the hospital. On July 15, 1977, Lane was riding as a passenger in a motor vehicle owned and operated by Flack as the two were returning from Middlebury, Connecticut, where they had gone on behalf of the county and hospital to observe a computer system and evaluate its possible use by the hospital. At some point in the Town of Wassaic, the Flack vehicle was involved in a collision with another vehicle, and the plaintiff Lane sustained personal injuries as a result. Lane and his wife commenced actions against Flack as a consequence thereof.

The defendant moved to dismiss the actions upon the ground that the court lacked jurisdiction because the parties were in the same employ and that, accordingly, plaintiffs' exclusive remedy was a claim for workers' compensation benefits (Workers' Compensation Law, § 29, subd 6). Agreeing with the defendant's position, Special Term dismissed the complaint, and this appeal ensued.

The plaintiffs contend that the defendant county treasurer is not an employee of the county, that the hospital and the county are separate employers and distinct entities and, accordingly, the county treasurer and the administrator are not in the same employ. There appears to be no dispute that both Lane and Flack were in the course of their employment when the injuries were sustained, and the plaintiff George Lane has applied for and received workers' compensation benefits.

Since the hospital is a department of the County of Greene, and since the plaintiff is an employee of the hospital, he must also be considered an employee of the county (see Workers' Compensation Law, § 3, subd 1, group 16).* He is, therefore, a

---

* "An employee engaged in any employment herein whose wages are paid by a

"fellow employee" of the defendant, who is a county employee in that he is treasurer of the county *(Murray v City of New York,* 43 NY2d 400; *De Giuseppe v City of New York,* 188 Misc 897, affd 273 App Div 1010, mot for lv to app den 298 NY 932). Under these decisions, employees of different departments within a municipality are considered to be "in the same employ". Therefore, Special Term properly dismissed the complaint on the ground that plaintiffs' exclusive remedy was a claim for workers' compensation.

Special Term did not, however, address in its decision the contention of plaintiffs that the county treasurer, as an *elective* officer of a county, is not an employee of the county as a matter of law and, thus, not one in the same employ as required in subdivision 6 of section 29 of the Workers' Compensation Law, which provides: "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee * * * when such employee is injured or killed by the negligence or wrong of another in the same employ." While it appears that, as a matter of law, elected county treasurers are public officers and, therefore, are not generally employees of the county *(Matter of Toomey v New York State Legislature,* 2 NY2d 446; *Youngman v Town of Oneonta,* 204 App Div 96, affd 236 NY 521), the Legislature may otherwise specifically provide by statute. *(Matter of Toomey v New York State Legislature, supra,* p 449.) Subsequent to the *Toomey* case relied upon by the plaintiffs, the Legislature did so specifically provide for the public officer by amending group 16 of subdivision 1 of section 3 of the Workers' Compensation Law (L 1965, ch 587).

The Workers' Compensation Law provides, in group 19 of subdivision 1 of section 3, in pertinent part, as follows: "Any municipal corporation or other political subdivision of the state may bring its employees or officers, elective or appointed or otherwise * * * within the coverage of this chapter * * * notwithstanding the definitions of the terms 'employment,' 'employer' or 'employees'." It is undisputed that the defendant had been brought within the workers' compensation insurance coverage of the County of Greene (cf. Workers' Compensation Law, § 54, subd 6). In our opinion, the defendant was in the

---

municipal corporation or other subdivision of the state or by an employer other than the state shall be deemed an employee of such municipal corporation or other political subivision of the state or such employer other than the state for the purposes of this chapter."

same employ within the meaning of the Workers' Compensation Law at the time of the accident herein.

The order should be affirmed, without costs.

MAIN, J. (dissenting). The majority concedes that, as a matter of law, the defendant Flack, as the elected County Treasurer of Greene County, was a public officer and, therefore, not an employee of the county. However, it concludes that the Legislature, by its amendment of group 16 of subdivision 1 of section 3 of the Workers' Compensation Law (L 1965, ch 587), which merely enlarges the class for which municipalities or their subdivisions may elect to provide coverage, automatically makes those to whom coverage is extended employees of the county and thereby subject to the provisions of subdivision 6 of section 29 of the Workers' Compensation Law. In my view, the sole purpose of the amendment was to provide municipalities with the election of extending coverage to previously uncovered personnel who were engaged in government service but were not employees. It does not provide nor was it intended to deprive a third party, who had no part in the election to extend coverage, of a viable cause of action for personal injury by placing those to whom coverage was extended within the citadel of exclusivity. The order should be reversed.

SWEENEY, J. P., KANE and STALEY, JR., JJ., concur with HERLIHY, J.; MAIN, J., dissents and votes to reverse in a separate opinion.

Order affirmed, without costs.