GARY A. COTTINO, Appellant, v. J. ROSS HARRISON, Individually and in His Capacity as a County Commissioner; NORMAN RAYMOND, VIRGINIA EDWARDS and JAY WADSWORTH, Individually; THE COUNTY OF LINCOLN, a Political Subdivision of the STATE OF NEVADA; JOHN McGIMSEY, Individually and in His Capacity as District Attorney for Lincoln County, Respondents.

No. 11397

August 18, 1980 615 P.2d 246

*Albert G. Marquis,* Las Vegas, for Appellant.

*Rose, Edwards, Hunt & Pearson,* Las Vegas; *C. E. Horton,* Ely; *John McGimsey,* Pioche, for Respondents.

## OPINION

*Per Curiam:*

The trial court dismissed appellant's amended complaint

which sought damages for defamation, malicious prosecution, wrongful termination, sought reinstatement and backpay, and sought damages for alleged violations of open meeting laws.

Respondents Harrison, Raymond, Edwards, and Wadsworth, comprising the board of trustees for Lincoln County Hospital, terminated appellant's employment as business manager. Appellant also alleged that respondent McGimsey, in his capacity as District Attorney, maliciously instituted unfounded criminal charges against appellant. The trial court dismissed appellant's amended complaint on the theory that all the acts alleged were subject to the defense of discretionary immunity, NRS 41.032(2).[1]

With respect to the claims for reinstatement, backpay, and damages for wrongful termination, the record does not clearly establish whether the trial court considered appellant's argument that he had acquired a property interest in his employment and was entitled to due process before he could be terminated. *Cf.* State ex rel. Sweikert v. Briare, 94 Nev. 752, 588 P.2d 542 (1978) with Eads v. City of Boulder City, 94 Nev. 735, 587 P.2d 39 (1978). We remand for further consideration of these claims.

With respect to dismissal of the cause of action for malicious prosecution, we affirm. Appellant was convicted on the charges brought. *See* Chapman v. City of Reno, 85 Nev. 365, 455 P.2d 618 (1969) and Catrone v. 105 Casino Corp., 82 Nev. 166, 414 P.2d 106 (1966). *Also see,* Imbler v. Pachtman, 424 U.S. 409 (1976).

Other assignments of error have been considered and rejected.

Affirmed in part; reversed in part and remanded.

---

[1] NRS 41.032 provides in pertinent part:

"41.032   Conditions and limitations on actions: Officers', employees' acts or omissions.   No action may be brought under NRS 41.031 or against an officer or employee of the state or any of its agencies or political subdivisions which is:

" . . .

"2.   Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer or employee of any of these, whether or not the discretion involved is abused."