Mr. Mahlon Martin, Director Department of Finance and Administration P. O. Box 3278 Little Rock, AR 72203
Dear Mr. Martin:
Pursuant to your duties outlined in Act 483 of 1979 codified as Ark. Stat. Ann. 14-1101 et seq. (Repl. 1979) you have requested advice from my Office concerning the following questions:
 1. Is a legislator of the State of Arkansas an "employee" within Act 483 of 1979? That is, does the Ethics in Public Contracting Act, its requirements and prohibitions apply to a state legislator?
Also, you ask:
 2. If an "employee" within the meaning of Act 483 of 1979, is a partner with another person and that other person has a financial interest in another business, do the prohibitions of Act 483 apply to both businesses?
To our knowledge, this opinion request is made as a result of an alleged violation of Act 483. A legislator who is a business partner of the Director of the Arkansas Department of Correction in a convenience store business co-owns an oil company which has sold, on a competitive basis, products to the Department.
Your first question has arisen informally many times since the enactment of Act 483. This Office has likewise responded informally to questions posed regarding fact situations differing somewhat from the instant situation stating that, in our opinion, legislators are not generally considered state employees. This opinion is based on established precedent that "public officers" are to be distinguished from "employees". See, e.g., Maddox v. State, 220 Ark. 762, 763-764, 249 S.W.2d 972 (1952); Bean v. Humphrey, 223 Ark. 118, 124, 264 S.W.2d 607 (1954); Dunbar v. Brazoria County, Texas, 224 S.W.2d 738 (1949); Jaeger Manufacturing Co. v. Maryland Casualty Co., 300 N.W. 680, 683
(Ia. 1941); Eads v. City of Boulder City, 94 Nev. 735, 587 P.2d 39,40-41 (1979); Toomey v. New York State Legislature,161 N.Y.S.2d 81, 141 N.E.2d 584, 586 (1957).
However, in certain specific and narrow circumstances, a legislator may be legally considered an employee. Such a circumstance has occurred in Act 483 of 1979 because of the following language:
"Employee" is defined at 14-1101(H) as follows:
 Employee means any individual drawing a salary from a State agency, WHETHER ELECTED OR NOT. . . . (Emphasis added.)
Elected members of the Arkansas General Assembly draw their salaries from appropriated monies from the Constitutional and Fiscal Agencies Fund through the office of the State Auditor.
Amendment 56 of the Arkansas Constitution, Section 3 provides "The members of the General Assembly shall receive as their annual salary the sum of $7,500, except the President Pro Tempore of the Senate and the Speaker of the House of Representatives who shall each receive the sum of $10,000 annually, with such salaries to be payable in equal monthly installments".
Act 3 of 1985, 11 establishes a maximum number of "regular employees" for at [sic] 135 for both houses of the General Assembly whose maximum annual salaries are set by line item. In Subsection (B) the following language is found:
 There is hereby appropriated, to the Auditor of the State to be payable from the Constitutional and Fiscal Agencies Funds, for personal services of the General Assembly . . . the following:
Item No. Fiscal Years
(01) REGULAR SALARIES $1,017,500 1985-1986
$1,017,500 1986-1987
Clearly, the Legislators have legally designated themselves as employees for purposes of "drawing a salary from a State agency". In this case, the agency is that of the State Auditor, whose Office is unquestionably included in the definition of "State agency" found in Act 483 of 1979. See 14-1101(P).
Because of the foregoing, it is my opinion a legislator is an employee for purposes of applying Act 483 of 1979.
As I understand your second question, you ask whether it is a breach of ethical standards in violation of the law for a person who is a partner of an employee to perform a prohibited act even if the business in which the partner is associated with the employee is not the same business which is the subject of the transaction in question.
Section 14-1108(c)(1) states:
 It shall be a breach of ethical standards for a person who is a partner of an employee knowingly to act as a principal or as an agent for anyone other the [sic] State in connection with ANY . . . contract . . . in which the employee either participates personally and substantially through decision, approval, disapproval . . . or, which is the subject of the employee's official responsibility, where the State is a party or has a direct and substantial interest. (Emphasis added.)
Because of the underlined [capitalized] language, it is my opinion that the disqualification of partners applies to any contract with the State regardless of whether the contract arises from the business in which the partner is associated with the employee.
I am fully cognizant that state officials have relied on us, as the State's Chief Legal Counsel, for interpretation of Act 483 as to whom it applies. Since this formal opinion represents a departure from previously given advice and state officials have in good faith relied on that advice, I would advise you to initiate procedures consistent with this interpretation of Act 483 for contracts to be entered into [sic] the future.
The foregoing opinion, which I hereby approve, was prepared by Special Counsel to the Attorney General R.B. Friedlander.