Lupton v Pedersen (2018 NY Slip Op 01048)





Lupton v Pedersen


2018 NY Slip Op 01048


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-07310
 (Index No. 150530/15)

[*1]Felice Lupton, appellant, 
v
Richard Pedersen, defendant, Michael Galant, respondent.


Slater, Sgarlato & Cappello, P.C., Staten Island, NY (Shaun Gregory White of counsel), for appellant.
William P. Perniciaro, Staten Island, NY, for respondent.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Melanie T. West of counsel), for defendant Richard Pedersen.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Dollard, J.), dated June 29, 2016, as searched the record and awarded summary judgment to the defendant Michael Galant dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was employed as a paraprofessional at Public School 4 in Staten Island. On June 20, 2012, she allegedly injured her knee when she slipped and fell on a wet floor in the school cafeteria. She received Workers' Compensation benefits with respect to this injury.
On June 12, 2015, the plaintiff commenced this negligence action against Richard Pedersen, the school's custodian engineer, and Michael Galant, a custodial assistant. Pedersen moved for summary judgment dismissing the complaint insofar as asserted against him, contending, inter alia, that the action was barred by the exclusivity provision of the Workers' Compensation Law. The Supreme Court granted Pedersen's motion, and searched the record and also awarded summary judgment to Galant dismissing the complaint insofar as asserted against him. The plaintiff appeals from so much of the order as awarded summary judgment to Galant dismissing the complaint insofar as asserted against him.
In general, Workers' Compensation benefits are an employee's exclusive remedy against an employer for damages sustained from injury in the course of employment (see Workers' Compensation Law §§ 11, 29[6]; see generally Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988). This limitation of an employer's liability also applies to "another in the same employ" as the injured employee (Workers' Compensation Law § 29[6]).
Here, the New York City Department of Education (hereinafter DOE) employed Pedersen as a custodian engineer. As part of an "indirect system" of employment adopted by the DOE, Pedersen then employed Galant as a custodial assistant. Because the plaintiff was a DOE employee and Galant was employed by Pedersen, who also was a DOE employee, the plaintiff and Galant were "in the same employ" within the meaning of the Workers' Compensation Law (Workers' Compensation Law § 29[6]; see Lane v Flack, 73 AD2d 65, 66, affd 52 NY2d 856; DeGiuseppe v City of New York, 188 Misc 897, 898 [Sup Ct, Kings County], affd 273 AD 1010). Therefore, Workers' Compensation benefits were the plaintiff's exclusive remedy with respect to Galant (see Workers' Compensation Law §§ 11, 29[6]).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly awarded summary judgment to Galant dismissing the complaint insofar as asserted against him.
In light of our determination, we need not address Galant's contentions that the plaintiff's action is barred insofar as asserted against him pursuant to General Municipal Law § 50-k.
ROMAN, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court